IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

CAROL LARKIN,
    Plaintiff,

V.                                          CASE NO.

DICK'S SPORTING GOODS, INC.,
    Defendant.

---

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant, Dick's Sporting Goods, Inc., hereby removes to this Court the state action described below.

On June 10, 2022, an action was commenced in the Middlesex Superior Court, entitled *Carol Larkin v. Dick's Sporting Goods, Inc.*, Civil Action No.: 2281CV02437.

Defendant, Dick's Sporting Goods, Inc. was served with a Summons on July 11, 2022 pursuant to M.R.C.P., Rule 4, and received a copy of plaintiff's Complaint with Jury Demand and Civil Action Cover Sheet on same date.

A copy of all process and pleadings served upon defendant, Dick's Sporting Goods, Inc. in the state court action is attached hereto as Exhibit "A".

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. §1441 in that it is a civil action between citizens of different states, and the matter in controversy is $103,393.86, exclusive of interest and costs, as set forth in the Civil Action Cover Sheet filed based on alleged personal injury sustained by the plaintiff, Carol Larkin. The plaintiff, Carol Larkin alleges that as a result of the occurrence she sustained a rib fracture, hip pain, osteoarthritis on the inner side of her right knee, and substantial lost wages.

Dick's Sporting Goods, Inc. is informed and believes that the plaintiff, Carol Larkin resides in and is a citizen of the City of Malden, Middlesex County, in the Commonwealth of Massachusetts, as pled in the Plaintiff's Complaint. Defendant, Dick's Sporting Goods, Inc. was at the time of the filing of this action, and still is, a citizen of: Incorporated in the State of Delaware, having its principal place of business located at 345 Court Street, Coraopolis, Pennsylvania 15108.

WHEREFORE, defendant, Dick's Sporting Goods,, Inc. prays that this action be removed to the United States District Court for the District of Massachusetts.

/s/ David A. White
David A. White, Esq
BBO No. 551682
Davis & White, LLC
869 Turnpike Street
North Andover, MA 01845
(978) 688-1433
dwhite@daviswhite.com

Attorney for Defendant,
Dick's Sporting Goods, Inc.

Dated: 07/14/2022

2

## **CERTIFICATE OF SERVICE**

I, David A. White, Attorney for Defendant, Dick's Sporting Goods, Inc., certify that on July 14, 2022, I served the within **Notice of Removal**, on Plaintiff, Carol Larkin, electronically through the ECF system to the registered participants pursuant to Local Rule 5.2(b) as follows:

Ashly W. Eikelberg, Esq.
MORGAN & MORGAN
155 Federal Street, Suite 1502
Boston, MA 02110
aeikelberg@forthepeople.com

/s/ David A. White
David A. White

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| MIDDLESEX, ss | MIDDLESEX SUPERIOR COURT<br>CIVIL ACTION. NO. |

CAROL LARKIN,  )
　　　　　　　　　　　 )
　　　Plaintiff,　　　　 )
v.　　　　　　　　　　 )
　　　　　　　　　　　 )
　　　　　　　　　　　 )
DICKS SPORTING GOODS, INC.  )
　　　　　　　　　　　 )
　　　Defendant.　　　 )
　　　　　　　　　　　 )
　　　　　　　　　　　 )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Carol Larkin ("Plaintiff"), is a citizen of the Commonwealth of Massachusetts and resides in Malden, Middlesex County, Commonwealth of Massachusetts.

2. The Defendant, Dick's Sporting Goods, Inc., is a Foreign Corporation with a principal office located at 200 Industry Drive, Pittsburgh, Pennsylvania 15285 with a registered agent located Corporation Service Company located at 84 State Street, Boston, Massachusetts 02109.

3. At all times material hereto, Dick's Sporting Goods, Inc. owned, leased, managed, controlled, occupied, possessed, maintained, and/or had the right to control Dick's Sporting Goods, Inc. located at 3850 Mystic Valley Parkway, Medford, MA 02155 (the "Premises").

### COUNT 1- NEGLIGENCE – DICK'S SPORTING GOODS, INC.

4. The Plaintiff incorporates by reference paragraphs 1-3 of this Complaint.

5. At all times relevant to this Complaint, the Plaintiff was a legally at the Premises.

6. At all times relevant to this Complaint, Dick's Sporting Goods, Inc. was legally responsible for all management, maintenance, and repairs to the Premises.

7. On or about, July 16, 2021, while lawfully on the Premises, the Plaintiff was seriously injured as a result of the negligence of Dick's Sporting Goods, Inc.: the Plaintiff was caused to slip and fall due to the Dick's Sporting Goods, Inc.'s failure to exercise due care in maintaining the premises and its failure to post any signs and/or notice of the shopping baskets on the Premises.

8. At all times material hereto, Dick's Sporting Goods, Inc., through its principals, agents, servants, employees, and/or representatives, was negligent and careless as to the Plaintiff in one or more of the following ways:

   a. in failing to maintain the Premises in a reasonably safe and proper condition for the Plaintiff;

   b. in failing to adequately warn the Plaintiff of the unsafe condition that caused the Plaintiff's Incident;

   c. in failing to erect barriers or other structures to prevent the Plaintiff from coming in contact with the unsafe condition;

   d. in other ways not yet known to the Plaintiff but that might be discovered as the case progresses.

9. The aforementioned incident was caused solely and exclusively by reason of the negligence of Defendant, individually and/or through their agents, servants or employees, and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff.

10. Dick's Sporting Goods, Inc.'s acts and/or omissions constitute a breach of the duty of due

care owed to the Plaintiff.

11. As a result of the negligence of Dick's Sporting Goods, Inc. herein, the Plaintiff was seriously injured, to wit: including, but not limited to a rib fracture, hip pain, osteoarthritis on the inner side of her right knee, and other serious and diverse personal injuries, some or all of which may be permanent in nature.

12. As a further result of the negligence of Dick's Sporting Goods, Inc. herein, the Plaintiff has endured a great expense for medical treatment, and will for an indefinite time in the future be obliged to expend further monies in an effort to cure the injuries Plaintiff has suffered, all to Plaintiff's great detriment and loss.

13. As a direct and proximate result of Dick's Sporting Goods, Inc.'s breach of the duty of due care, and of the Dick's Sporting Goods, Inc.'s negligence and carelessness, the Plaintiff has suffered, and continues to suffer, bodily injury along with other compensable harms and losses.

**WHEREFORE**, the Plaintiff, Carol Larkin, demands judgment as against Dick's Sporting Goods, Inc. in full, fair, and adequate amount to compensate the Plaintiff for all of the Plaintiff's Incident-related harms and losses, together with interest and costs.

### JURY DEMAND

The Plaintiff hereby claims Plaintiff's right to a trial by jury of all claims so triable asserted at any time, and of all defenses asserted at any time by any current or future-named defendant.

Respectfully submitted,

The Plaintiff,
CAROL LARKIN,

By her attorneys,

3

MORGAN & MORGAN,

Dated: June 10, 2022

Ashly W. Eikelberg, BBO#:695708
155 Federal Street, Suite 1502
Boston, MA 02110
(617) 912-5000
aeikelberg@forthepeople.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Lowell) |

| Plaintiff: Carol Larkin | Defendant: DICKS SPORTING GOODS, INC. |
|---|---|
| ADDRESS: 155 Federal Street Suite 1505<br>Boston MA 02120 | ADDRESS: 200 Industry Drive<br>Pittsburgh, PA 15285 |
| Plaintiff Attorney: Ashly Eikelberg | Defendant Attorney: |
| ADDRESS: 155 Federal Street 1505<br>Boston MA 02120 | ADDRESS: |
| BBO: 695708 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Personal Injury Slip and Fall | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

| | |
|---|---|
| 1. Total hospital expenses | $3,393.86 |
| 2. Total doctor expenses | $0.00 |
| 3. Total chiropractic expenses | $0.00 |
| 4. Total physical therapy expenses | $0.00 |
| 5. Total other expenses (describe below) | >$50,000.00 |

Pain and Suffering, Rib Fracture, Osteoarthritis, Ecchymosis

Subtotal (1-5): **$53,393.86**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses  > $50,000.00

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

TOTAL (A-F): **$103,393.86**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Includes but is not limited to: a rib fracture, hip pain, osteoarthritis on the inner side of her right knee

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X  /s/ Ashly Eikelberg    Date: June 9, 2022

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X  /s/ Ashly Eikelberg    Date: June 9, 2022

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed:06-09-2022 10:42:38

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

| Summons | CIVIL DOCKET NO. | **Trial Court of Massachusetts** |
|---|---|---|
| CASE NAME: | 2281CV02437 | **The Superior Court** |
| Carol Larkin vs. Dick's Sporting Goods, Inc. Defendant(s) Plaintiff(s) | | Michael Joseph Donovan — Clerk of Courts<br>Suffolk — County<br>COURT NAME & ADDRESS:<br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO Dick's Sporting Goods Inc (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

### 1. You must respond to this lawsuit in writing within 20 days.

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

### 2. How to Respond.

To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court, 3 Pemberton Square, 12th floor, Boston, MA 02108 (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Morgan & Morgan 155 Federal Street, Suite 1502, Boston, MA 02110

### 3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.



A true copy Attest<br>Joseph P Casey<br>Deputy Sheriff Suffolk County<br>7-11-22

3 (cont). You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**
You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**
The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger, Chief Justice on _____, 20____. (Seal)

Clerk-Magistrate _Michael Joseph Donovan_
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____     Signature: _____

**N.B. TO PROCESS SERVER:**
PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2019